IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY K. ROCKWELL, | ) Docket No. 04-280E |
| | ) (Judge Maurice B. Cohill, Jr.) |
| Plaintiff | ) |
| | ) ELECTRONICALLY FILED PLEADING |
| vs. | ) |
| | ) |
| MOTION CONTROL INDUSTRIES, | ) CONCISE STATEMENT OF MATERIAL |
| DIVISION OF CARLISLE | ) FACTS IN SUPPORT OF DEFENDANTS' |
| CORPORATION, RETIREMENT PLAN | ) MOTION FOR SUMMARY JUDGMENT |
| FOR BARGAINING UNIT EMPLOYEES | ) |
| OF MOTION CONTROL INDUSTRIES, | ) Filed on behalf of:  Defendants |
| DIVISION OF CARLISLE | ) |
| CORPORATION, | ) Counsel of record for this party: |
| | ) Richard A. Lanzillo, Esq. |
| Defendants | ) Knox McLaughlin Gornall |
| | ) & Sennett, P.C. |
| | ) 120 West 10th Street |
| | ) Erie, PA 16501 |
| | ) Telephone (814) 459-2800 |
| | ) Facsimile (814) 453-4530 |
| | ) Email rlanzillo@kmgslaw.com |
| | ) PA53811 |
| | ) |

## CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**A.    Background**

1.    Motion Control employed plaintiff, Terry K. Rockwell, at its manufacturing facility in Ridgway, Pennsylvania, from April 21, 1969 until January 11, 2002, when it closed the Ridgway facility and permanently laid off its employees.  (Complaint ¶¶9, 12; Answer ¶¶3, 9, 12).

2.    Although Rockwell's employment ceased on January 11, 2002, Motion Control continued his wages and benefits as well as those of the other eligible employees of the Ridgway facility through March 16, 2002.  (Complaint ¶12; Answer ¶12).

3. As of the closure of the Ridgway facility, Rockwell remained an active employee of Motion Control. (Complaint ¶12; Answer ¶12).

4. According to his Complaint, Rockwell applied for Social Security Disability Benefits after the closure of the Ridgway facility, and, in July, 2002, the Social Security Administration determined that Rockwell was entitled to Social Security Disability insurance benefits retroactive to July, 2002. (Complaint ¶¶15-16). Thus, Rockwell's own Complaint acknowledges that the determination of his eligibility for Social Security benefits did not occur until well after the closure of the plant and the termination of his employment.

5. Prior to commencing this action, Rockwell did not submit a claim for Disability Retirement Benefits to the Plan. In his Complaint, Rockwell alleges that, after the closure of the Ridgway facility, he attempted to obtain an application form for a Disability Retirement Pension, but was refused such a form. (Complaint ¶17).

6. Rockwell's is not entitled to a Disability Retirement benefit under 4.3(a) of the Plan, which expressly provides that Disability Retirement benefits are only available to a Participant whose "employment…terminates…because of a Disability…"

7. Rockwell did not invoke the administrative process available under the Plan to have the denial of his claim reviewed by the Carlisle Corporation Pension and Insurance Committee. Instead, Rockwell elected to file this action.

8. On November 28, 2005, defendants issued interrogatories and a request for production of documents to Rockwell and the other former employees of the Ridgway plant who have sued defendants for Disability Retirement benefits. Defendants' written discovery requests information and documents relevant to various issues in this case, including Rockwell' allegations that Motion Control refused to provide him with a Benefits Application, the dates

upon which he allegedly requested a Benefits Application, and the nature and date of onset of his alleged disability.  A copy of defendants' interrogatories and request for production of documents is attached to defendants' Motion for Summary Judgment as Exhibit D.  Defendants' interrogatories and request for production of documents remain outstanding based upon the parties' Court approved stipulation bifurcating factual issues from the threshold legal issues addressed in this Motion for Summary Judgment.  For purposes of the parties' initial cross-motions for summary judgment only, defendants assume the accuracy of the dates and certain other factual allegations asserted in Rockwell's Complaint.  However, should this case survive phase 1 summary judgment under the current scheduling order, defendants reserve the right to challenge the factual allegations of Rockwell' Complaint in phase 2 of the case.

  **B.**  **The Plan Documents**

  9.  The Plan is comprised of two documents.  Part I, or the "master plan document," is the "Carlisle Corporation Retirement Plan for Hourly Paid Employees," as amended and restated effective January 1, 1997 ("Part I" or the "Carlisle Plan Document").[1]  The "Part II Supplement," as amended and restated effective as of July 20, 2000 ("Part II" or the "Supplement"), supplements the Carlisle Plan Document with provisions specific to the Motion Control "Participating Group."  The Carlisle Plan Document and the Supplement are attached to Defendants' Motion for Summary Judgment, respectively, as Exhibit A and Exhibit B.  (See Exhibit A, pp. 2-3, §1.3 and Exhibit B, p.2, ¶(u), which describe the constituent parts of the Plan).

  10.  The Carlisle Plan Document governs various pension plans established by Carlisle Corporation and certain affiliates, including Motion Control.  (Exhibit A, p.1, §1.1).

---

[1]  Motion Control was operated as a division of Carlisle Corporation.

The Part II Supplement describes "the benefits for Members who are in the employment of [Motion Control] in the Participating Group on and after July 20, 2000 and who retire or whose Vesting Service terminates on or after July 20, 2000."

### C. Eligibility for Disability Retirement Benefits

11. The Plan provides for four (4) types of retirement benefits: (1) Normal Retirement Benefits (Exhibit A, §4.1); (2) Early Retirement Benefits (Exhibit A, §4.2); (3) Disability Retirement Benefits (Exhibit A, §4.3); and (4) Deferred Vested Retirement Benefits (Exhibit A, §4.4).

12. Normal Retirement benefits are generally available when the participant's Vesting Service terminates on or after the participant reaches age 65. (Exhibit B, p.3, ¶(j)(1)). Early Retirement benefits are generally available to a participant who has five or more years of Vesting Service and attains age fifty (50). (Exhibit B, p.3, ¶(j)(2)). Deferred Vested Retirement Benefits are generally available to a participant whose Vesting Services terminates after she attains his Vested Retirement Age and before she reaches age 65. (Exhibit A, p.18, §4.4 (a)).

13. Basic eligibility requirements for Disability Retirement Benefits are described in §4.3(a) of the Carlisle Plan Document. This provision states:

> **Eligibility**. If the employment of a Participant, but not an Inactive Participant, *terminates* (prior to retirement under section 4.1, 4.2 or 4.4) *because of a Disability* after he attains his Disability Retirement Age, he shall be eligible to receive a disability retirement benefit under the Plan in accordance with and subject to the provisions of the Plan.

(Exhibit A, p.17, §4.3(a)(emphasis supplied)).

14.     The Plan defines the term "Disability" as "total and permanent disability, which is a medically determinable physical or mental impairment of a Participant resulting from a bodily injury, disease, or mental disorder which renders him incapable of engaging in any substantial gainful activity and which can be expected to result in death or to last at least 12 months; provided, however, that the Participant must be eligible for and actually receiving disability benefits under the Social Security Act for the period of time from his date of disability, after the waiting period required under the Social Security Act, until his Normal Retirement Age." (Exhibit A, p.5, §2.1(m)).

**D.     Plan Provisions Describing the Discretion and Authority of the Benefits Committee**

15.     The Plan vests discretion regarding interpretation of the Plan in a Committee known as the "Carlisle Corporation Pension and Insurance Committee," which is comprised of five members selected in accordance with procedures prescribed by the Plan. (Exhibit A, p.32, §§7.1-7.2).

16.     The Plan specifically grants the Committee "the exclusive right and discretionary authority to control the management, operation, and administration of the Plan, as plan administrator and a named fiduciary…". (Exhibit A, p.32, §7.3).

17.     The powers and duties of the Committee include "the *exclusive right, in its discretion*, to make *any finding of fact* necessary or appropriate for any purpose under the Plan, including but not limited to the *determination of the eligibility* for and the amount of any benefit payable under the Plan," and "in its discretion, *to interpret the terms and provisions of the Plan and to determine any and all questions arising under the Plan* or in connection with the administration thereof, including, without limitation, the right to remedy or resolve possible

ambiguities, inconsistencies, or omissions, by general rule or particular decision." (Exhibit A, p.32, §7.3)(d), (e)(emphasis supplied)).

18. In the event of a denial of a claim for benefits, the Plan provides a right of administrative review by the Committee. (Exhibit A, p.37, §7.9(c)). If a claimant files a written request for review of a denied claim, the Plan provides that the Committee shall review the claim within forth-five (45) days after the Committee's receipt of the request for review unless the Committee determines that special circumstances require an extension of time, in which case, this period may be extended for up to an additional forth-five (45) days. (Exhibit A, pp.37-38, §7.9(c)).

19. Rockwell did not request administrative review of the denial of his claim prior to filing this action in the United States District Court for the Western District of Pennsylvania.

>                    Respectfully submitted,
>
>                    KNOX McLAUGHLIN GORNALL &
>                    SENNETT, P.C.

DATE: March 30, 2006                    By: Richard A. Lanzillo /s/
                                            Richard A. Lanzillo
                                            PA53811
                                            120 West Tenth Street
                                            Erie, PA  16501-1461
                                            Telephone: (814) 459-2800
                                            Fax: (814) 453-4530
                                            Email:  rlanzill@kmgslaw.com

                                            Attorneys for Defendants, Motion
                                            Control Industries, Division of
                                            Carlisle Corporation, Retirement
                                            Plan for Bargaining Unit Employees
                                            of Motion Control Industries,
                                            Division of Carlisle Corporation

# 664490

-7-